Filed 3/13/25  Doe v. Dwosh CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JACK DWOSH,<br><br>    Defendant and Respondent. | B329404<br><br>(Los Angeles County Super. Ct. No. 21SMCV02030)<br><br>**ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING**<br><br>[No Change in Judgment] |

THE COURT:

It is ordered that the opinion filed on February 11, 2025, is modified as follows:

On page 3, footnote 5, delete the text of the footnote and replace it with the following:  "On February 23, 2023, plaintiff filed two notices of appeal from the trial court's February 22,

2023, orders denying plaintiff's motion to strike defense counsel's declaration and granting the anti-SLAPP motion.  On March 10, 2023, plaintiff filed three additional notices of appeal from the court's:  (1) February 22, 2023, order dismissing the first amended complaint with prejudice; (2) February 22, 2023, order denying her motion to file documents under seal; and (3) February 24, 2023, order denying her motion to file documents under seal.  Those five notices of appeal were assigned case number B327813 and were briefed and argued as one matter (the prior appeal)."

On page 4, footnote 6, delete the text of the footnote and replace it with the following:  "On April 25, 2024, we took judicial notice of the record filed in plaintiff's prior appeal, case number B327813."

On page 6, footnote 7, delete the text of the footnote and replace it with the following:  "Defendant pointed out this deficiency in plaintiff's briefing in his discussion of her challenges to the orders denying leave to file documents under seal.  After this matter was fully briefed on appeal, plaintiff filed a notice of errata concerning her opening and reply briefs that added a limited number of citations to the clerk's transcript to certain pages of her briefs."

The plaintiff's petition for rehearing filed on February 26, 2025, is denied.

There is no change in the judgment.

| HOFFSTADT, P. J. | MOOR, J. | KIM (D.), J. |

2

Filed 2/11/25  Doe v. Dwosh CA2/5 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JACK DWOSH,<br><br>    Defendant and Respondent. | B329404<br><br>(Los Angeles County<br>Super. Ct. No.<br>21SMCV02030) |

APPEAL from an order of the Superior Court of the County of Los Angeles, Edward B. Moreton, Judge.  Affirmed.

Jane Doe, self-represented litigant, for Plaintiff and Appellant.

Yee & Associates, Steven R. Yee and William G. Sorkin, for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiff Jane Doe[1] appeals from a judgment entered following an order granting defendant's[2] special motion to strike her complaint pursuant to Code of Civil Procedure section 425.16 (anti-SLAPP motion).[3]  She also raises contentions concerning other orders, all but one of which were addressed in our opinion in her prior appeal (the prior appeal).[4]

As explained below, we construe plaintiff's appeal from the judgment as taken from the order granting defendant's request for attorney fees as the prevailing party on the anti-SLAPP motion and affirm that fee award.

---

[1]    Plaintiff filed her complaint and notice of appeal pursuant to Code of Civil Procedure section 367.3 which authorizes a person who is an active participant in the address confidentiality program (Gov. Code, § 6205 et seq.) to commence an action using a pseudonym.  (See § 367.3, subd. (b)(1).)

[2]    Defendant is Jack Dwosh, the attorney who represented the petitioner in the underlying domestic violence restraining order proceeding against her.

[3]    All further statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[4]    *Doe v. Dwosh* (Sept. 9, 2024, B327813) [nonpub. opin.] review denied Dec. 12, 2024, S287520.

## II.    BACKGROUND

A.    *Anti-SLAPP Motion and Request for Attorney Fees*

On June 28, 2022, defendant filed his anti-SLAPP motion seeking to strike plaintiff's complaint.  The motion included a request for attorney fees in the amount of $5,915 under section 425.16, subdivision (c), and was supported by the declaration of defendant's attorney detailing the number of hours he and an associate expended in connection with the motion, as well as their respective hourly rates.

B.    *Hearings and Ruling on Fee Request*

On February 22, 2023, the trial court held a hearing on, among other matters, the anti-SLAPP motion and request for attorney fees.  The trial court granted the anti-SLAPP motion, determined that defendant was entitled to an award of attorney fees as the prevailing party on the motion, and granted both parties leave to file supplemental briefs on the issue of the amount of such fees.[5]

---

[5]    On February 23, 2023, plaintiff filed four notices of appeal from the trial court's:  (1) February 22, 2023, order denying plaintiff's motion to strike defense counsel's declaration; (2) February 22, 2023, order granting the anti-SLAPP motion; (3) February 22, 2023, order denying her motion to file documents under seal; and (4) February 24, 2023, order denying her motion to file documents under seal.  On March 10, 2023, plaintiff filed an additional notice of appeal from the court's February 22, 2023, order dismissing the first amended complaint with prejudice.

On February 22, 2023, following the trial court's ruling on the anti-SLAPP motion, plaintiff filed a supplemental brief opposing the attorney fee award against her, claiming that she had "no assets".

On February 27, 2023, defendant file his supplemental brief on the attorney fee issue, arguing that his fee request was reasonable and that the hourly rates of his attorneys—$265 and $220—were well below the "average hourly rate for an attorney in Los Angeles" of $325 an hour.

C.    *Fee Award and Judgment*

On March 9, 2023, the trial court entered a minute order on the submitted attorney fees issue awarding $5,915 in attorney fees and costs to defendant as the prevailing party on the anti-SLAPP motion. That same day, the court entered judgment in favor of defendant based on the order granting the anti-SLAPP motion which included the attorney fee award. On April 25, 2023, plaintiff filed a notice of appeal from the March 9, 2023, judgment and the instant appeal (case no. B329404).[6]

---

Those five notices of appeal were assigned case number B327318 and were briefed and argued as one matter (the prior appeal).

[6]    Plaintiff did not designate a separate record on this appeal, but on April 25, 2024, we took judicial notice of the record filed in her prior appeal, case number B327813.

4

D.    *Opinion in Prior Appeal*

On September 9, 2024, we issued an opinion in the prior appeal from the order granting the anti-SLAPP motion and other orders.  (*Doe v. Dwosh, supra*, B327813.)  The opinion affirmed the order granting the anti-SLAPP motion, including the intermediate orders denying the motions to disqualify the trial judge, and dismissed the other purported direct appeals as taken from nonappealable orders.  (*Ibid.*)

## III.   DISCUSSION

A.    *Waiver*

Plaintiff's briefs on appeal contain no citations to the lengthy record on appeal (see Cal. Rules of Court, rule 8.204(a)(1)(C) [each brief on appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"]).  "'As a general rule, "[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment." [Citations.]  It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]  If no citation "is furnished on a particular point, the court may treat it as waived." [Citation.]' [Citation.]" (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.)  "We look askance at [the] practice of stating what purport to be facts—and not unimportant facts—without support in the record.  This is a violation of the rules,

5

specifically rule 8.204(a)(1)(C) of the California Rules of Court, with the consequence that such assertions will, at a minimum, be disregarded.  [Citation.]" (*Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.)

The lack of *any citations* in plaintiff's briefs to the record on appeal severely hampers our ability to conduct a reasoned analysis of the merits of her various assertions.[7]  Thus, we could affirm the order awarding fees on the grounds that plaintiff has waived her arguments on appeal.  Even without the assistance of any citations to the record, we explain below why we reject plaintiff's arguments on appeal.

B.    *Anti-SLAPP Motion*

As noted, plaintiff appeals from the March 9, 2023, judgment entered following the February 22, 2023, order granting the anti-SLAPP motion.  To the extent she purports to appeal the underlying ruling on the anti-SLAPP motion, we reached the merits of it in the prior appeal and affirmed it.  We therefore do not further address her arguments concerning the merits of that order.

---

[7]    Defendant pointed out this deficiency in plaintiff's briefing in his discussion of her challenges to the orders denying leave to file documents under seal; but plaintiff did not address the issue in reply.

6

C.     *Fee Award*[8]

    1.     <u>Legal Principals</u>

Generally, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's attorney's fees and costs." (§ 425.16, subd. (c)(1).) "[U]nder . . . section 425.16, subdivision (c), any SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.) "The "'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong.'"'" (*Id.* at p. 1132.)

"The issue of a party's entitlement to attorney's fees is a legal issue which we review de novo. [Citations.] However, the determination of the amount of fees to be awarded is reviewed for abuse of discretion." (*Garcia v. Santana* (2009) 174 Cal.App.4th

---

[8]     Here, plaintiff did not file a notice of appeal from the trial court's March 9, 2023, minute order granting defendant's fee request in the amount of $5,915. But, that same day, the court incorporated the fee award into a judgment from which plaintiff did timely appeal. We therefore liberally construe her notice of appeal as taken from the trial court's postjudgment order awarding fees. (California Rules of Court, rule 8.100 (a)(2); *Verceles v. Los Angeles Unified School District* (2021) 63 Cal.App.5th 776, 783 ["'[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced'"].)

464, 468–469.) "We will disturb the trial court's exercise of discretion in the determination of a reasonable attorney's fee 'only where there has been a manifest abuse of discretion.'" (*Id.* at p. 469.)

2.  Analysis

a.  Entitlement

Plaintiff argues that defendant is not entitled to an award of fees because the order granting the anti-SLAPP motion was erroneously entered and must be reversed. We rejected plaintiff's challenges to the order striking the complaint in our opinion in the prior appeal and affirmed that order. It was therefore a valid ruling upon which to base entitlement to the award.

b.  Amount

Plaintiff contends that the amount of the fee award was "excessive", asserting that it included fees for hours that were not expended on the motion itself and that the number of hours that were expended solely on the motion were not necessarily incurred. Defendant submitted declarations in support of the fee award which detailed the number of hours expended by each attorney and the work involved in the motion. And plaintiff does not explain why the legal work described in those declarations did not warrant the number of hours expended. Thus, she has not demonstrated that the trial court abused its discretion in determining the reasonable amount of fees to award.

8

Plaintiff also maintains that the amount of fees, when viewed in the context of her indigence, was so excessive as to constitute a prohibited punishment or fine under the Eighth Amendment. Because, however, plaintiff never raised her Eighth Amendment challenge in the trial court, she has forfeited her claim on appeal. (*People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347, fn. 9 ["All issues, even those involving an alleged constitutional violation, are subject to the rule of forfeiture, and a defendant's failure to raise the issue before the trial court will generally result in the appellate court's refusal to consider it"].)

Even if we were to consider the merits of her argument, we would reject it because plaintiff cites to no evidence in the record (aside from her own statements that she has no assets) that demonstrates she will be unable to pay the attorney fee award. Moreover, under the doctrine of implied findings, we conclude the court considered plaintiff's ability to pay when it ordered the attorney fee award. (*Espinoza v. Shiomoto* (2017) 10 Cal.App.5th 85, 100 ["The doctrine of implied findings 'requires . . . an appellate court [to] presume that the trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record. In other words, the necessary findings of ultimate facts will be implied and the only issue on appeal is whether the implied findings are supported by substantial evidence"].)

9

## IV.   DISPOSITION

The order granting defendant's request for attorney fees under section 425.16, subdivision (c) is affirmed.  No costs are awarded on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:



HOFFSTADT, P. J.



MOOR, J.



10